119. These actions have been committed in a continuous pattern. They are related to the efforts needed to obtain control of the enterprise.

120. MacKenzie's and Kennedy's pattern of racketeering activity has caused injury to the Church, the Church Members who have been discharged from the Church, current Members of the Church, and Bostonview.

## COUNT II
### (RICO 18 U.S.C. § 1962(c); Against MacKenzie and Kennedy)

121. Plaintiffs restate and incorporate by reference the allegations of Paragraphs 1 through 120 as if fully set forth herein.

122. This count is brought by Plaintiff, George Chapin, on behalf of himself, the Church, Bostonview, and all other persons similarly situated, as a member of the Church and beneficial holder of stock in Bostonview.

123. Plaintiff, George Chapin, fairly and adequately represents, respectively, the interests of the members and shareholders of the Church and Bostonview similarly situated in enforcing the rights of the corporations in issue in this case.

124. Plaintiff, George Chapin, has made no effort to secure action from, respectively, the trustees and directors of the Church and Bostonview corporations for the reason that MacKenzie and Kennedy herein control the majority of the trustees and directors of both boards through tactics of extortion and coercion. As such, the majority of the trustees and directors on the boards of the Church and Bostonview are interested parties. Thus, any demand on the boards that they bring an action in the name of the Church or Bostonview would have been futile.

125. The Plaintiffs further allege as follows:

# 1495236_v6                                  - 21 -

126.  MacKenzie and Kennedy are persons who knowingly or recklessly acted through a pattern of racketeering activity to control and conduct the activities of the Church, which is an enterprise.

127.  The pattern of racketeering activity includes, without limitation, MacKenzie's and Kennedy's use of extortion to obtain the votes of elderly Church Members in or about May, 2003 and September, 2003 and as to their election as Trustees of the Church, Directors of Bostonview, and Officers of the Church.

128.  The pattern also includes at least five instances of mail fraud. On September 23, 2003, MacKenzie and Kennedy directed Edwards & Angell, LLP to mail correspondence concerning the election of new directors of Bostonview. On September 29, 2003, they directed Edwards & Angell, LLP to mail correspondence to the Association in response to a letter seeking information relevant to a resolution to not recognize newly-admitted or expelled members. On October 26, 2003, they also directed the Church to send letters to the Denomination and Association concerning disaffiliation.

129.  These actions have been committed in a continuous pattern. They are related to the efforts needed to obtain control of the enterprise and to conduct the activities of the Church for MacKenzie and Kennedy's personal gain.

130.  MacKenzie's and Kennedy's pattern of racketeering activity has caused injury to the Church, the Church Members who have been discharged from the Church, current Members of the Church, and Bostonview.

### COUNT III
### (RICO 18 U.S.C. § 1962(d); Against MacKenzie and Kennedy)

131.  Plaintiffs restate and incorporate by reference the allegations of Paragraphs 1 through 130 as if fully set forth herein.

132. This count is brought by Plaintiff, George Chapin, on behalf of himself, the Church, Bostonview, and all other persons similarly situated, as a member of the Church and beneficial holder of stock in Bostonview.

133. Plaintiff, George Chapin, fairly and adequately represents, respectively, the interests of the members and shareholders of the Church and Bostonview similarly situated in enforcing the rights of the corporations in issue in this case.

134. Plaintiff, George Chapin, has made no effort to secure action from, respectively, the trustees and directors of the Church and Bostonview corporations for the reason that MacKenzie and Kennedy herein control the majority of the trustees and directors of both boards through tactics of extortion and coercion. As such, the majority of the trustees and directors on the boards of the Church and Bostonview are interested parties. Thus, any demand on the boards that they bring an action in the name of the Church or Bostonview would have been futile.

135. The Plaintiffs further allege as follows:

136. MacKenzie and Kennedy are persons who conspired to knowingly or recklessly acted through a pattern of racketeering activity to obtain control of the Church, which is an enterprise.

137. The pattern of racketeering activity includes, without limitation, MacKenzie's and Kennedy's use of extortion to obtain the votes of elderly Church Members in or about May, 2003, and September, 2003, and as to their election as Trustees of the Church, Directors of Bostonview, and Officers of the Church.

138. The pattern also includes at least five instances of mail fraud. On September 23, 2003, MacKenzie and Kennedy directed Edwards & Angell, LLP to mail correspondence concerning the election of new directors of Bostonview. On September 29, 2003, they directed

Edwards & Angell, LLP to mail correspondence to the Association in response to a letter seeking information relevant to a resolution to not recognize newly-admitted or expelled members. On October 26, 2003, they also directed the Church to send letters to the Denomination and Association concerning disaffiliation.

139. This conspiracy has caused actions which have been committed in a continuous pattern. They are related to the efforts needed to obtain control of the enterprise.

140. MacKenzie's and Kennedy's conspiracy has caused injury to the Church, the Church Members who have been discharged from the Church, current Members of the Church, and Bostonview.

**COUNT IV**
**(Declaratory Judgment Against Church and Bostonview;**
**Breach of By-Laws: The Denomination Is Entitled To Hold**
**The Apartment House and Other Church Assets In Escrow)**

141. Plaintiffs restate and incorporate by reference the allegations of Paragraphs 1 through 140 as if fully set forth herein.[1]

142. The Parties dispute whether the Denomination is entitled to obtain title to the apartment house and possession of other assets of the Church.

143. The Church disaffiliated itself from the Denomination.

144. The Church's by-laws provided that such disaffiliation required the Church to transfer its assets to the Denomination to be held in escrow until a new church, which is affiliated with the Denomination, is formed in Boston.

145. As a result, the Church's assets must be transferred to the Denomination.

---

[1] As to this Count, Plaintiffs do not dispute that the Church disaffiliated itself from the Denomination. If successful on this Count, Plaintiffs will not seek in this, or other Counts, to prove that membership votes that relate in any way to disaffiliation are void. If unsuccessful on this Count, the Plaintiffs will seek to demonstrate that such votes are void.

146. Thus, the Denomination asks that the Court declare that it is entitled to hold the assets of the Church. Those assets include, without limitation, the apartment house and its revenue.

## COUNT V
### (Declaratory Judgment Against the Church; Breach of By-Laws As to Membership)

147. Plaintiffs restate and incorporate by reference the allegations of Paragraphs 1 through 146 as if fully set forth herein.

148. The Parties dispute whether the memberships as to the newly-admitted individuals are valid and whether the expulsion of Members is valid is well.

149. The by-laws provide that all new members must be confirmed before joining the Church.

150. The new members who joined the Church in 2002 and 2003 had not been confirmed prior to joining.

151. Those memberships are void and without effect.

152. The by-laws also do not condone the expulsion of members. Thus, the expulsion of any member is without effect.

153. Thus, the Plaintiffs ask that the Court declare that the memberships of the newly-admitted individuals are void, that any votes taken in which they participated are void and without effect and that the expulsion of Members is also void and without effect.

## COUNT VI
### (Derivative Breach of Fiduciary Duty as to the Church; Against MacKenzie and Kennedy)

154. Plaintiffs restate and incorporate by reference the allegations of Paragraphs 1 through 153 as if fully set forth herein.

155. This count is brought by Plaintiff, George Chapin, on behalf of himself, the Church, Bostonview, and all other persons similarly situated, as a member of the Church and beneficial holder of stock in Bostonview.

156. Plaintiff, George Chapin, fairly and adequately represents, respectively, the interests of the members and shareholders of the Church and Bostonview similarly situated in enforcing the rights of the corporations in issue in this case.

157. Plaintiff, George Chapin, has made no effort to secure action from, respectively, the trustees and directors of the Church and Bostonview corporations for the reason that MacKenzie and Kennedy herein control the majority of the trustees and directors of both boards through tactics of extortion and coercion. As such, the majority of the trustees and directors on the boards of the Church and Bostonview are interested parties. Thus, any demand on the boards that they bring an action in the name of the Church or Bostonview would have been futile.

158. The Plaintiffs further allege as follows:

159. As Officers and Trustees of the Church, MacKenzie and Kennedy possess fiduciary duties.

160. MacKenzie's and Kennedy's actions have breached those duties.

161. As a result, the Church has lost thousands of dollars, become unaffiliated with the Denomination and suffered other harm as well.

### COUNT VII
### (Derivative Breach of Fiduciary Duty as to Bostonview; Against MacKenzie and Kennedy)

162. Plaintiffs restate and incorporate by reference the allegations of Paragraphs 1 through 161 as if fully set forth herein.

163.    This count is brought by Plaintiff, George Chapin, on behalf of himself, the Church, Bostonview, and all other persons similarly situated, as a member of the Church and beneficial holder of stock of Bostonview.

164.    Plaintiff, George Chapin, fairly and adequately represents, respectively, the interests of the members and shareholders of the Church and Bostonview similarly situated in enforcing the rights of the corporations in issue in this case.

165.    Plaintiff, George Chapin, has made no effort to secure action from, respectively, the trustees and directors of the Church and Bostonview corporations for the reason that MacKenzie and Kennedy control the majority of the trustees and directors of both boards through tactics of extortion and coercion. As such, the majority of the trustees and directors on the boards of the Church and Bostonview are interested parties. Thus, any demand on the boards that they bring an action in the name of the Church or Bostonview would have been futile.

166.    The Plaintiffs further allege as follows:

167.    As Officers and Trustees of Bostonview, MacKenzie and Kennedy possess fiduciary duties.

168.    MacKenzie and Kennedy have engaged in activities which have breached those duties.

169.    As a result, Bostonview has suffered damages in an amount to be determined at trial.

## COUNT VIII
### (Fraud;
### Derivative Claim Against MacKenzie and Kennedy)

170.    Plaintiffs restate and incorporate by reference the allegations of Paragraphs 1 through 169 as if fully set forth herein.

171. This count is brought by Plaintiff, George Chapin, on behalf of himself, the Church, Bostonview, and all other persons similarly situated, as a member of the Church and beneficial holder of stock in Bostonview.

172. Plaintiff, George Chapin, fairly and adequately represents, respectively, the interests of the members and shareholders of the Church and Bostonview similarly situated in enforcing the rights of the corporations in issue in this case.

173. Plaintiff, George Chapin, has made no effort to secure action from, respectively, the trustees and directors of the Church and Bostonview corporations for the reason that MacKenzie and Kennedy control the majority of the trustees and directors of both boards through tactics of extortion and coercion. As such, the majority of the trustees and directors on the boards of the Church and Bostonview are interested parties. Thus, any demand on the boards that they bring an action in the name of the Church or Bostonview would have been futile.

174. The Plaintiffs further allege as follows:

175. MacKenzie and Kennedy misrepresented to the Church and its members numerous issues which include, without limitation, that new members wished to join the Church to follow the Swedenborgian principles, that the by-laws needed to be amended to benefit the Church, that Trustees needed to be removed for the betterment of the Church, and that leaving the Denomination was needed to prevent the loss of Reverend Ellis as a Pastor.

176. MacKenzie and Kennedy knew, or should have known, that each of these statements is false.

177. The Church, through its Members, relied on these misrepresentations.

178. As a result, present and former Members of the Church have been damaged.

## COUNT IX
### (Chapter 93A; Derivative Claim Against MacKenzie and Kennedy)

179. Plaintiffs restate and incorporate by reference the allegations of Paragraphs 1 through 178 as if fully set forth herein.

180. This count is brought by Plaintiff, George Chapin, on behalf of himself, the Church, Bostonview, and all other persons similarly situated, as members of the Church and beneficial holders of stock in Bostonview.

181. Plaintiff, George Chapin, fairly and adequately represents the interests of, respectively, the members and shareholders of the Church and Bostonview similarly situated in enforcing the rights of the corporations in issue in this case.

182. Plaintiff, George Chapin, has made no effort to secure action from the trustees and directors, respectively, of the Church and Bostonview corporations for the reason that MacKenzie and Kennedy control the majority of, respectively, the trustees and directors of both boards through tactics of extortion and coercion. As such, the majority of, respectively, trustees and the directors of the Church and Bostonview are interested parties. Thus, any demand on the boards that they bring an action in the name of the Church or Bostonview would have been futile.

183. The Plaintiffs further allege as follows:

184. MacKenzie and Kennedy have committed unfair and deceptive acts as defined in Section 2 of Mass. Gen. Laws ch. 93A.

185. MacKenzie's and Kennedy's actions were willful.

186. As a result of those actions, the Church and its present and expelled Members have been damaged.

WHEREFORE, Plaintiffs pray that the Court:

1. Enter judgment in favor of Plaintiffs and against the Defendants as to Counts I through III, in an amount to be determined at trial, said amount to be trebled, and award Plaintiffs their attorneys' fees and costs;

2. As to Count IV, declare that the Denomination is entitled to hold the assets of the Church;

3. As to Count V, declare that the memberships of the newly-admitted individuals are void and without effect, that all votes taken in which they participated are void and without effect, and that the expulsion of Church Members is void and without effect;

4. Enter judgment in favor of the Plaintiffs and against Kennedy and MacKenzie as to Counts VI through VIII and award the Plaintiffs damages in an amount to be determined at trial;

5. Enter judgment in favor of Plaintiffs and against the Defendants as to Count IX in an amount to be determined at trial, said amount to be trebled, and award Plaintiffs their attorneys' fees and costs;

6. Restrain and enjoin the Defendants from selling any apartments as condominiums or otherwise disposing of the Church's real estate or other assets in any way and enjoin the Defendants from utilizing the revenue of the Church and Bostonview for any purpose;

7. Order the Defendants to transfer the Bostonview apartment house and other assets of the Church to the Denomination to be held in escrow;

8. Issue a Memorandum of <u>Lis Pendens</u> as to the apartment house in light of the Denomination's claim to title of that property;

9. Award the Plaintiffs their costs, including their attorneys' fees; and

10. Award such other and further relief as the Court deems appropriate.

## JURY DEMAND

PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.

THE GENERAL CONVENTION OF THE NEW JERUSALEM IN THE UNITED STATES OF AMERICA, INC., THE MASSACHUSETTS ASSOCIATION OF THE NEW JERUSALEM (SWEDENBORGIAN) and GEORGE CHAPIN,

By their attorneys,

**HOLLAND & KNIGHT LLP**

_____
Geoffrey E. Hobart (BBO No. 547499)
Christopher J. Trombetta (BBO No. 556923)
10 St. James Avenue
Boston, MA 02116
(617) 523-2700

Dated: February 27, 2004