## B. The Plaintiffs Will Suffer Irreparable Harm If the Injunction is Denied.

Whether a plaintiff is likely to suffer irreparable harm is cast in terms of whether the plaintiff has a legal remedy available that is adequate to compensate it for its injuries. See In re Aerovox, Inc., Bankr. No. 0114680-JNF, 2002 WL 1783633, at *12 (Bankr. D. Mass. 2002) (quoting Itek Corp. v. First Nat'l Bank of Boston, 566 F. Supp. 1210, 1216 (D. Mass. 1983)). In Ross-Simons, the First Circuit offered some guidance on irreparable harm:

> To establish irreparable harm . . . a plaintiff need not demonstrate that the denial of injunctive relief will be fatal to its business . . . it is usually enough if the plaintiff shows that its legal remedies are inadequate . . . If the plaintiff suffers a substantial injury that is not accurately measurable or adequately compensable by money damages, irreparable harm is a natural sequel . . . Thus, a cognizable threat of such harm can support a restraining order.

Ross-Simons, 102 F.3d at 18-19 (citations omitted).

### (i) The Church and Bostonview.

As real estate, the apartment house is a unique asset. Absent an injunction, the Church and Bostonview could sell the apartment house. Such a loss would constitute irreparable harm. Le v. Vantage Point Homes, LLC, No. 021940, 2002 WL 31677200, at *1, *3 (Mass. Super. Oct. 4, 2002) (holding that due to the uniqueness of real estate, the failure to issue a preliminary injunction preventing the sale of residential property would subject the moving party to irreparable harm).

The Church and Bostonview also lack any resources through which they may reimburse the Denomination for amounts expended from apartment house revenue. The inability to obtain reimbursement also constitutes irreparable harm. Fleet Nat'l Bank v. Rapid Processing Co., Inc., 643 F. Supp. 1065, 1066 (D. Mass. 1986) (stating that a preliminary injunction may be granted

---

actions demonstrate that they agreed to use repeated tactics of extortion or threat of extortion and mail fraud to gain control of the Church and Bostonview and to wrongfully access and misappropriate the assets of both organizations.

# 1682366_v1                                   - 21 -

where the party's assets are in danger of depletion and dissipation and the injunction is necessary to protect the damages remedy).

### (ii) MacKenzie and Kennedy.

Plaintiffs understand that MacKenzie and Kennedy may not be able to reimburse the Plaintiffs for any amounts they obtain from the Church or Bostonview for the payment of defense costs or otherwise. As noted above, the inability to obtain reimbursement constitutes irreparable harm. Fleet Nat'l Bank, 643 F. Supp. at 1066. Furthermore, if MacKenzie and Kennedy have such an ability, they should use it to raise funds at this time.

### C. A Balancing of the Relevant Equities Weighs in Favor of the Requested Relief.

The harm caused by the denial of Plaintiffs' motion for a preliminary injunction outweighs any harm that allegedly may be caused to the Church or Bostonview by the entry of such an injunction. See Town of Westwood v. Adams Russell Co., 507 N.E.2d 763, 766 (Mass. App. Ct. 1987) ("[A]n injunction may properly be issued only if upon initial evaluation of the moving party's claim of injury and the likelihood of success on the merits it is apparent that the risk of irreparable harm to that party outweighs any similar risk of irreparable harm which granting the injunction would create for the opposing party."); Hewlett-Packard Co. v. Genrad, Inc., 882 F. Supp. 1141, 1153 (D. Mass. 1995) ("The balance of harm consideration involves balancing the harm of denying a preliminary injunction to the moving party . . . against the harm of issuing a preliminary injunction to the non-moving party . . . .").

Granting the injunction will not harm the Church or Bostonview. The entry of a preliminary injunction will not prevent the Church or Bostonview from discussing with third parties a future sale of the apartment house in the event that, upon a trial, the property is determined to be an asset of the Church or Bostonview. Plaintiffs believe, however, that the

Church will not be permitted to consummate any such sale because, according to the by-laws of the Church, the assets of the Church, including the Bowdoin Street apartment house, belong to the Denomination. The Plaintiffs' remaining claims will also preclude the sale.

As to revenue, Plaintiffs understand that Bostonview expenses pertaining to maintenance of and utilities as to the apartment house must be paid. Only those expenses should be satisfied. Retention of remaining amounts will cause no harm to Bostonview.

Because the Church elected to leave the Denomination, it is entitled to none of the revenue generated by the apartment house. To the extent that this Court is willing to provide the church with any amounts, they should be limited to the payment of expenses related to utility costs incurred as to religious services. Such expenditures would permit church members to worship but would eliminate any avenue through which additional funds could be accessed or misappropriated.

### D. The Public Interest Weighs in Favor of Granting the Requested Relief.

There is a public interest in the appropriate operation of charitable institutions. See St. Clair v. Trustees of Boston Univ., 521 N.E.2d 1044, 1047 (Mass. App. Ct. 1998) (quoting Farrigan v. Pevear, 78 N.E. 855, 855 (Mass. 1906) (stating that the Supreme Judicial Court established the charitable immunity doctrine exempting charitable institutions from liability due to negligence, in part, because of the fear of impairing or destroying the usefulness of charities by subjecting them to the payment of damages and depleting their property or other resources)). Ensuring that the appropriate charitable entity possesses the assets of the Church is consistent with that interest. Thus, granting the injunction is in the public interest.

## CONCLUSION

For the reasons set forth above, Plaintiffs' Motion for a Memorandum of <u>Lis Pendens</u> and Motion for a Preliminary Injunction should be allowed.

THE GENERAL CONVENTION OF THE NEW JERUSALEM IN THE UNITED STATES OF AMERICA, INC., THE MASSACHUSETTS ASSOCIATION OF THE NEW JERUSALEM (SWEDENBORGIAN), and GEORGE CHAPIN,

By their attorneys,

**HOLLAND & KNIGHT LLP**

_____
Geoffrey E. Hobart (BBO No. 547499)
Christopher J. Trombetta (BBO No. 556923)
10 St. James Avenue
Boston, MA 02116
(617) 523-2700

Dated: February 27, 2004

# 1682366_v1

- 24 -